IN THE COUNTY COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO:

EMILIA BEATRIZ ARGUETA MELENDEZ,
an individual,

               Plaintiff,

vs.

USA ORCHATA INC a/k/a LA CASITA
SALVADORENA, a corporation,
SALOME Y BONILLA, an individual,
SANTIAGO CHAVEZ, an individual,

               Defendants,
_____/

## COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, EMILIA BEATRIZ ARGUETA MELENDEZ, an individual (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, USA ORCHATA INC a/k/a LA CASITA SALVADORENA, a corporation, SALOME Y BONILLA, an individual, and SANTIAGO CHAVEZ, an individual (hereinafter "Defendants") and alleges:

1. This action involves an amount less than $15,000.00 exclusive of attorney's fees, interest, and costs.

2. The Plaintiff EMILIA BEATRIZ ARGUETA MELENDEZ was a resident of Broward County, Florida at the time the dispute arose and is *sui juris*.

3. The Defendant, USA ORCHATA INC a/k/a LA CASITA SALVADORENA, is a corporation that regularly transacts business in Miami-Dade County.

1

4. The individual Defendant SALOME Y BONILLA resides in and/or regularly transacts business within Miami-Dade County, Florida. Upon information and belief, the Defendant SALOME Y BONILLA was Plaintiff's employer as defined by 29 U.S.C. 203 (d) for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant SANTIAGO CHAVEZ resides in and/or regularly transacts business within Miami-Dade County, Florida. Upon information and belief, the Defendant SANTIAGO CHAVEZ was Plaintiff's employer as defined by 29 U.S.C. 203 (d) for the relevant time period.

6. Plaintiff worked for Defendants as a waitress from on or about June 4, 2018 through on or about October 25, 2018.

7. The acts and/or omissions giving rise to this complaint arose in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who has not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement). Florida overtime laws essentially defer to federal law. The state legislature chose to allow federal overtime law to apply.

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendants as a waitress from on or about June 1, 2018 through on or about October 25, 2018.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2017.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2018 and is expected to exceed $500,000 for the year 2018.

16. Between the period of on or about July 1, 2018 through on or about August 31, 2018, Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $2.35 per hour but was not paid anything for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff request a trial by jury.*

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and

4

jurisdictional statements in paragraphs 1-17 above and further states:

18. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

19. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

20. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

21. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

22. On November 23, 2018, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Per the United Stated Postal Service Tracking Results, Defendant USA ORCHATA INC. A/K/A LA CASITA SALVADORENA and Defendant SANTIAGO CHAVEZ were served with the Notices. Defendant USA ORCHATA INC. A/K/A LA CASITA SALVADORENA was served with the Notice on November 27, 2018. Defendant SANTIAGO CHAVEZ was served with the

Notice on November 29, 2018. See attached return of service forms attached hereto as Exhibit 1.

23. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days from November 27, 2018, and November 29, 2018 expired. As of the date of filing the instant Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

24. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2018, the Florida minimum wage was increased to $8.25/hr.

25. From on or about the period of on or about June 1, 2018 through on or about June 30, 2018, Defendants failed to pay Plaintiff the applicable Florida minimum wage as Plaintiff worked for Defendants as a waitress for an average of 40 hours per week and was paid an average of $2.35 per hour. Said nonpayment of the applicable Florida minimum wage constitutes

a minimum wage violation pursuant to the Fair Labor Standards Act and the Florida Constitution.

26. From on or about the period of on or about July 1, 2018 through on or about August 31, 2018, Defendants failed to pay Plaintiff the applicable Florida minimum wage as she worked for you as a waitress for an average of 48 hours per week and was paid an average of $2.35 per hour. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to the Fair Labor Standards Act and the Florida Constitution.

27. From on or about the period of on or about September 1, 2018 through on or about September 25, 2018, Defendants failed to pay Plaintiff the applicable Florida minimum wage as she worked for you as a waitress for an average of 40 hours per week and was paid an average of $2.35 per hour. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to the Fair Labor Standards Act and the Florida Constitution.

28. From on or about the period of on or about September 26, 2018 through on or about October 25, 2018, Defendants failed to pay Plaintiff the applicable Florida minimum wage as she worked for you as a waitress for an average of 24 hours per week and was paid an average of $2.35 per hour. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to the Fair Labor Standards Act and the Florida Constitution.

29. The Defendants wage payment practices to Plaintiff for this time period did not meet the florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming Florida minimum wage violations.

30. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Florida Minimum Wage

requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

        Respectfully submitted,

        NATALIE STAROSCHAK, ESQ.
        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        T: 305-865-6766
        F: 305-865-7167

By: __/s/ Natalie Staroschak_____
    Natalie Staroschak, Esq.
    Florida Bar No.: 116745

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SANTIAGO CHAVEZ
1541 NW 73 WAY
HOLLYWOOD, FL 33024

9590 9402 3432 7275 3421 67

2. Article Number (Transfer from service label)

7018 1130 0001 3400 9417

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signed)_
☐ Agent
☐ Addressee

B. Received by (Printed Name): Santiago Chavez
C. Date of Delivery

NOV 29 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USA ORCHATA INC. A/K/A LA CASITA SALVADORENA
REGISTERED AGENT: JOSE M GOMEZ
115 N. 31 AVENUE
HOLLYWOOD, FL 33021

9590 9402 3432 7275 3421 74

2. Article Number (Transfer from service label)

7018 1130 0001 3400 9400

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signed)_
☐ Agent
☐ Addressee

B. Received by (Printed Name): Jose M Gomez
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



PLAINTIFF'S EXHIBIT 1