UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EMILIA BEATRIZ ARGUETA MELENDEZ,
An individual,

    Plaintiff,

CASE NO. 19-20474-CV-O'SULLIVAN

Vs

USA ORCHATA INC a/k/a LA CASITA
SALVADORENA, a corporation,
SALOME Y BONILLA, an individual,
SANTIAGO CHAVEZ, an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES

Defendants, USA ORCHATA INC a/k/a LA CASITA SALVADORENA, a corporation, SALOME Y BONILLA ("BONILLA") and SANTIAGO CHAVEZ ("CHAVEZ"), collectively referred to as "Defendants", by and through their undersigned counsel, file this Answer, Affirmative Defenses to Plaintiff's Complaint, and state as follows:

    **1.**    With regard to paragraph 1 of the Complaint, Defendants deny Plaintiff is entitled to any relief and demand strict proof thereof.

    **2.**    With regard to paragraph 2 of the Complaint, Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, denies the allegations.

    **3.**    With regard to paragraph 3 of the Complaint, the allegations contained in this paragraph are admitted.

    **4.**    With regard to paragraph 4 of the Complaint, the allegations contained in this paragraph are admitted.

5. With regard to paragraph 5 of the Complaint, the allegations contained in this paragraph are admitted.

6. With regard to paragraph 6 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

7. With regard to paragraph 7 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

### COUNT I, FEDERAL OVERTIME WAGE VIOLATION

8. With regard to paragraph 8 of the Complaint, Defendants admit that Plaintiff is attempting to assert a claim under the Fair Labor Standards Act, as amended, ("FLSA") but deny the remaining allegations contained in this paragraph and demand strict proof thereof.

9. With regard to paragraph 9 of the Complaint, Defendants admit that this Court has jurisdiction as Plaintiff is attempting to assert a claim under the Fair Labor Standards Act. But, Defendants deny Plaintiff is entitled to any relief.

10. With regard to paragraph 10 of the Complaint, Defendants state that 29 U.S.C. §207 (a) (1) speaks for itself and any allegations that deviate or contradict the language of the statute are denied.

11. With regard to paragraph 11 of the Complaint, Defendants deny the allegation contained in this paragraph and demand strict proof thereof.

12. With regard to paragraph 12 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

13. With regard to paragraph 13 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

**14.** With regard to paragraph 14 of the Complaint, Defendants deny the allegations contained in this paragraph.

**15.** With regard to paragraph 15 of the Complaint, Defendants deny the allegations contained in this paragraph.

**16.** With regard to paragraph 16 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

**17.** With regard to paragraph 17 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

Defendants through Counsel and re-adopts their Answer to paragraphs 1-17 above and further state:

**18.** With regard to paragraph 18 of the Complaint, Defendants state that Florida Statute §448.110(3) speaks for itself and to the extent that the allegations contained in this paragraph deviates or contradicts the language of the Statute, Defendants deny the said allegations.

**19.** With regard to paragraph 19 of the Complaint, Defendants state that Florida Statute §448.110 (4)(a) speaks for itself and to the extent that the allegations contained in this paragraph deviates or contradicts the language of the Statute, Defendants deny the said allegations.

**20.** With regard to paragraph 20 of the Complaint, Defendants state that Fed.R.Civ.P. 5(b) (1) speaks for itself and to the extent that the allegations contained in this paragraph deviates or contracts the language of the Rule, Defendants deny the said allegations.

**21.** With regard to paragraph 21 of the Complaint, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

**22.** With regard to paragraph 22 of the Complaint, Defendants admit receiving a letter of November 27, 2018.

**23.** With regard to paragraph 23 of the Complaint, Defendants state that Florida Statute §448.110(6)(b) speaks for itself; and to the extent that the allegations contained in this paragraph contradicts or deviates from the language of the Statute, Defendants deny the said allegations.

**24.** With regard to paragraph 24 of the Complaint, this paragraph does not contained any allegations against the Defendants; and, therefore, it does not require an answer. To the extent that an answer is required, Defendants admit that on January 1, 2018, the Florida minimum wage was increased to 8:25/hr and deny the remaining allegations contained in this paragraph.

**25.** With regard to paragraph 25 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

**26.** With regard to paragraph 26 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

**27.** With regard to paragraph 27 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

**28.** With regard to paragraph 28 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

**29.** With regard to paragraph 29 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

**30.** With regard to paragraph 30 of the Complaint, the Defendants deny the allegations contained in this paragraph and demand strict proof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants do not fall under the enterprise coverage of the FLSA. Specifically, Defendants do not have employees that are engaged in commerce or in the production of goods for commerce, or in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce. See 29 U.S.C. § 207 (a) (1) and §203(s) (1) (A).

### SECOND DEFENSE

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated Florida Statute §448.110 or Federal law. 29 U.S.C. §254

### THIRD DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff.

### FOURTH DEFENSE

The Complaint, and each cause of action thereof, is barred because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### FIFTH DEFENSE

Defendants, as employer, was entitled to take a tip credit to satisfy its minimum wage obligations  because Plaintiff was a tipped employee; Defendant informed the Plaintiff of the tip-credit provision and Plaintiff voluntarily chose to share tips with an otherwise eligible employee and the tip-sharing was done without coercion by the Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred by the provision of Section 11 of the Portal to Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## SEVENTH DEFENSE

Plaintiff is not an adequate representative for the putative class because they are not similarly situated to other workers.

## **RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES**:

Defendants assert the right to assert any additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend their Answer to assert such additional affirmative defenses.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and for an award of costs, attorney's fees, and such other relief as this Court deems appropriate.

Dated: February 12, 2018              Respectfully submitted,

/s/ Z. Suzanne Arbide, Esq.
Z.SUZANNE ARBIDE, ESQ.
Florida Bar No. 151520
Law Offices of Glantz & Glantz, P.A.
7951 S.W. 6th Street, Suite 200
Plantation, Florida 33324
Telephone No. (954) 424-1200
litigation@glantzlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing to: nstar.zidellpa@gmail.com to: Natalie Staroschak, Esq of J.H. Zidell, PA, 300-71st Street, Suite 605, Miami Beach, FL 33141, on this 12th day of February 2019.

/s/ Z. Suzanne Arbide, Esq.
Z.SUZANNE ARBIDE, ESQ.
Florida Bar No. 151520
Law Offices of Glantz & Glantz, P.A.