UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-20474-O'SULLIVAN

[CONSENT]

EMILIA BEATRIZ ARGUETA MELENDEZ, )
an individual, )
)
                        Plaintiff, )
)
vs. )
)
USA ORCHATA INC a/k/a LA CASITA )
SALVADORENA, a corporation, )
SALOME Y BONILLA, an individual, )
SANTIAGO CHAVEZ, an individual, )
)
                      Defendants, )
_____)

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, EMILIA BEATRIZ ARGUETA MELENDEZ ("Plaintiff"), and Defendants, USA ORCHATA INC a/k/a LA CASITA SALVADORENA, SALOME Y BONILLA, and SANTIAGO CHAVEZ ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216, had the matter not settled, the Parties would have had to go to trial where the result could have gone either way.

The Parties have settled this case, despite their factual disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.). A mutual general release of all claims was specifically bargained for during the settlement process and resolves all disputes between the Parties.

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains

jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully Submitted,

Dated this 1st day of March, 2019.

By: */s/ Natalie Staroschak, Esq.*  
    Natalie Staroschak, Esq.  
    Fla. Bar No. 116745  
    Email: nstar.zidellpa@gmail.com  
    J.H. ZIDELL, P.A.  
    300 71st Street, Suite 605  
    Miami Beach, FL 33141  
    Telephone: (305) 865-6766  
    Facsimile: (305) 865-7167  
    *Attorney for Plaintiff*

s/_Suzanne Arbide  
Suzanne Arbide, Esq.  
Law Offices of Glantz & Glantz, P.A.  
7951 S.W. 6th Street, Suite 200  
Plantation, Florida 33324  
Telephone: (954) 424-1200  
Florida Bar No.15120  
Email: litigation@glantzlaw.com  
        sarbide@glantzlaw.com  
*Counsel for Defendants*